**CARLSON & MESSER LLP**
David J. Kaminski (SBN 128509)
*kaminskid@cmtlaw.com*
Stephen A. Watkins (SBN 205175)
watkinss@smtlaw.com
5901 W. Century Boulevard, Suite 1200
Los Angeles, California 90045
Telephone: (310) 242-2200
Facsimile: (310) 242-2222

**MAC MURRAY & SHUSTER LLP**
LISA A. MESSNER, (Admitted *Pro Hac Vice*)
*lmessner@mslawgroup.com*
CHRISTOPHER C. WAGER, (Admitted *Pro Hac Vice*)
*cwager@mslawgroup.com*
6525 W. Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Facsimile: (614) 939-9954

Attorneys for Defendant
POSTMATES INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROGERS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>POSTMATES INC.,<br><br>Defendant. | Case No. 3:19-cv-05619<br><br>Assigned for all purposes to the Honorable Thomas S. Hixson<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT POSTMATES INC. TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:     June 18, 2020**<br>**Time:    10:00 a.m.**<br>**Ctrm:   A – 15th Floor**<br><br>2d Am. Compl. Filed:  April 2, 2020<br>Trial Date:            Not Set |

1  **TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

2      **PLEASE TAKE NOTICE** that on June 18, 2020, at 10:00 a.m., or as soon thereafter as

3  this matter may be heard, in the courtroom of the Honorable District Judge Thomas S. Hixson,

4  located in Courtroom A of the United States Courthouse, 450 Golden Gate Avenue, San Francisco,

5  CA 94102, Defendant Postmates Inc. ("Postmates") will and hereby does move this Court to

6  dismiss Plaintiff's Second Amended Complaint in its entirety and with prejudice.

7      This Motion is made pursuant to Federal Rule of Civil Procedures 12(b)(6) upon the

8  grounds that Plaintiff Richard Rogers ("Plaintiff") has failed to state a claim upon which relief can

9  be granted under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"),

10  because Plaintiff fails to allege sufficient facts to show that Postmates is vicariously liable for

11  violating the TCPA.

12      This Motion is based on this Notice of Motion, the accompanying Memorandum of Points

13  and Authorities, all of the pleadings and other documents on file in this case, all other matters of

14  which the Court may take judicial notice, and any further argument or evidence that may be

15  received by the Court at the hearing.

16

17  DATED:  April 23, 2020                    **MAC MURRAY & SHUSTER LLP**

18

19                                        By _____/s/ Lisa A. Messner_____
                                                Lisa A. Messner
20                                          Attorney for Defendant POSTMATES INC.

21

22

23

24

25

26

27

28

POSTMATES INC.'S MOTION TO DISMISS SAC WITH PREJUDICE

**TABLE OF CONTENTS**                                                                 **Page**

I.      INTRODUCTION…………………………………………………………..……..…1

II.     BACKGROUND…………………………………………...…………………………2

      A.    Plaintiff Files a Complaint Against Post in the Southern District of Florida, But Dismisses the Complaint Following the Eleventh Circuit Opinion in Salcedo………2

      B.    Plaintiff Re-Files in This District, But Amends When Faced With Postmates' Motion to Dismiss………………………………………………………………………..3

      C.    The Court Grants Postmates' Motion to Dismiss the FAC for Failure to Plead Vicarious Liability…………………………………………………………………..3

      D.    Plaintiff Files a SAC Contradicting His Prior Allegations, But Still Fails to Plead Vicarious Liability………………………………………………………………4

III.    LEGAL STANDARD ON RULE 12(B)(6)…………………………………………5

IV.     PLAINTIFF CANNOT STATE A TCPA CLAIM AGAINST POSTMATES……………..6

      A.    Plaintiff Does Not Allege Sufficient Facts to Establish and Agency Relationship Between Postmates and BirdDog…………………………………………………6

      B.    Plaintiff Does Not Allege Apparent Authority………………………………….....9

      C.    Plaintiff Does Not Allege Ratification……………………………………………..9

V.      PLAINTIFF'S FOURTH ATTEMPT TO STATE A CLAIM AGAINST POSTMATES SHOULD BE DISMISSED WITH PREJUDICE…………………………..……………10

VI.     CONCLUSION………………………………………………………………..…11

1

## **TABLE OF AUTHORITIES**         **Page**

2

**Cases**

3

*Alta Devices, Inc. v. LG Elecs., Inc.*, Case No. 18-CV-00404-LHK, 2019 U.S. Dist. LEXIS 72952

4

(N.D. Cal. Apr. 30, 2019)……………………………………………………………..………11

5

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)……………………………………………………5

6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)………………………………….……..5

7

*Canary v. Youngevity Int'l, Inc.*, Case No. 5:18-cv-03261, 2019 U.S. Dist. LEXIS 46429

8

(N.D. Cal. Mar. 20, 2019)……………………………………………………………………7, 9

9

*Derby v. AOL, Inc.*, No. 15-CV-00452-RMW, 2015 U.S. Dist. LEXIS 70719 (N.D. Cal. June 1,

10

2015)……………………………………………………………………………………………5

11

*Desert Reg'l Med. Ctr., Inc. v. Glob. Excel Mgmt.*, Case No. ED CV 16-2181, 2017 U.S. Dist.

12

LEXIS 220006 (C.D. Cal. July 26, 2017)…………………………………………………....8

13

*Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019)………………………………………...3

14

*Hayes v. Facebook*, Case No. 19-cv-02106-TSH, 2019 U.S. Dist. LEXIS 177830 (N.D. Cal. Aug.

15

15, 2019)………………………………………………………………………………………11

16

*Jones v. Royal Admin. Servs.*, 887 F.3d 443, 448 (9th Cir. 2018)..........................................1, 2, 6, 7

17

*Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018)……………………9

18

*Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018)……………………………….3

19

*Meeks v. Buffalo Wild Wings, Inc.*, Case No. 17-cv-07129, 2018 U.S. Dist. LEXIS 52328, at *16

20

(N.D. Cal. Mar. 28, 2018)……………………………………………………………………7

21

*NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997)

22

*Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019)……………………………..........2, 11

23

*Sepehry-Fard v. Dept. Stores Natl. Bank*, 15 F. Supp. 3d 984, 990 (N.D.Cal.2014)………………11

24

*Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679-680 (9th Cir. 2014)……………………………9

25

*Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1085 (C.D. Cal. 2012)…………………………7

26

*Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017)………………..2

27

*Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357 (7th Cir. 2020)………………………..8

28

**TABLE OF AUTHORITIES**       **Page**

**Statutes**

47 U.S.C. § 227…………………………………………………………………………………2

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

## I.      INTRODUCTION

3          Plaintiff Richard Rogers' fourth attempt to pin a claim under the Telephone Consumer

4  Protection Act ("TCPA") on Postmates—a party that he concedes did not text him—fares no better

5  than his prior three.  Despite Plaintiff's effort to circumvent his earlier allegations and plead around

6  the Court's March 3, 2020 Order dismissing his First Amended Complaint ("FAC"), Plaintiff still

7  fails to state a TCPA claim against Postmates.  Because further amendment would be futile,

8  Plaintiff's operative Second Amended Complaint ("SAC") should now be dismissed with prejudice.

9          The Order explained in detail that Plaintiff failed to allege facts in his FAC supporting a

10  plausible inference that Postmates could be held vicariously liable for the actions of the sender of the

11  text message under the agency principles of actual authority, apparent authority, and ratification

12  articulated in *Jones v. Royal Admin. Servs.*, 887 F.3d 443, 448 (9th Cir. 2018).  (ECF No. 33

13  ("Order") at 5-10.)  Plaintiff did not respond in his SAC by pleading additional facts in good faith or

14  naming the sender of the text as a defendant.  Instead, Plaintiff elected to *contradict* his prior

15  allegations in an effort to mask how attenuated the connection to Postmates is and to insulate his

16  claim from dismissal.  Plaintiff previously alleged that the text message was sent by an unidentified

17  "sub-agent" or "sub-agents" of Bird Dog Media, LLC ("BirdDog"), an alleged vendor of Postmates.

18  (FAC, ECF No. 22, ¶ 17; *see also* Pl. Opp'n to Mot. to Dismiss, ECF No. 30, at 3-4.)  With no factual

19  support or explanation, the SAC now suddenly alleges that BirdDog *itself*, rather than a sub-agent of

20  BirdDog, sent the text message to Plaintiff.  (SAC, ECF No. 33, ¶¶ 14-15.)

21          Plaintiff apparently believes that portraying fewer links in the chain between Postmates and

22  the alleged sender will save his claim.  The Court, of course, is not obligated to blindly accept

23  Plaintiff's inconsistent allegations.  But even accepting Plaintiff's sleight of hand, Plaintiff fails to

24  grasp that a TCPA claim against Postmates requires more than pleading the existence of a contract

25  between Postmates and BirdDog.  It requires pleading sufficient *facts* establishing the requisite

26  agency relationship between the two entities.  As demonstrated below, stripped of its conclusory

27  allegations the SAC pleads only that (i) Postmates contracted with BirdDog to generally promote

28  Postmates, and (ii) BirdDog sent the text message to Plaintiff.  Even taken as true, these allegations

1  merely indicate a typical commercial services agreement whereby a vendor (BirdDog) is alleged to

2  have provided a service for the contracting party (Postmates), but come nowhere close to pleading

3  that Postmates specifically authorized *a violation of the TCPA*, as required by *Jones* and its

4  progeny.  Were such generic allegations sufficient, any party could be subject to automatic vicarious

5  liability for any other party with whom it had ever contracted.

6      Even after multiple bites at the apple, Plaintiff still does not plead *facts* to establish that

7  Postmates authorized the sender to violate the TCPA, or that Postmates apparently authorized or

8  ratified any allegedly wrongful conduct.  The Court should dismiss this action with prejudice.

9  **II.      BACKGROUND**

10     ***A.        Plaintiff Files a Complaint Against Postmates in the Southern District of Florida,***

11     ***But Dismisses the Complaint Following the Eleventh Circuit's Opinion in Salcedo***

12     Plaintiff originally filed this putative class action against Postmates in the United States

13  District Court for the Southern District of Florida on July 25, 2019.  (Florida Docket ("FL Dkt.")

14  Case 0:19-cv-61877-CMA, ECF. No. 1.)  Plaintiff alleged he received the following unsolicited text

15  message on April 8, 2019:



22     Based on his receipt of this single message, Plaintiff asserted a claim against Postmates for

23  violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").  On August

24  28, 2019, the Eleventh Circuit issued a ruling that the receipt of a single text message constituted

25  nothing more than "a brief, inconsequential annoyance" insufficient to convey Article III standing

26  for a TCPA claim.  *Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019).[1]  On September 6, 2019,

27

28  [1] The Eleventh Circuit's opinion in *Salcedo* creates a circuit split on TCPA standing issues.  *Cf.*
*Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017).

1    Plaintiff voluntarily dismissed his complaint.  (FL Dkt., ECF No. 7.)

2        **B.      *Plaintiff Re-Files in This District, But Amends When Faced with Postmates'***

3            ***Motion to Dismiss***

4        The same day that Plaintiff dismissed his Southern District of Florida action, he filed a

5    substantively identical complaint in this Court.  (ECF No. 1.)  Because Plaintiff's allegations failed

6    to state any factual basis to hold Postmates directly or vicariously liable under the TCPA, Postmates

7    filed a motion to dismiss his claim.  (ECF No. 14.)  Rather than oppose that motion, Plaintiff

8    responded by filing his FAC.  (ECF No. 22.)

9        **C.      *The Court Grants Postmates' Motion to Dismiss the FAC for Failure to Plead***

10           ***Vicarious Liability***

11       Plaintiff made certain minor changes in his FAC.[2]  Otherwise, the FAC was largely

12   identical to his prior complaints.  Plaintiff alleged in the FAC that the 10-digit, long-form

13   telephone number appearing at the top of the screenshot—(724) 394-0835—is leased, owned, or

14   operated by "Defendant, or its agent(s) or subagent(s)," and made further representations that

15   "Postmates or its alleged agent(s) or subagent(s)" caused the alleged text message to be sent.  (*Id.*

16   at ¶¶ 16-17.)  Specifically, Plaintiff alleged in the FAC that:

17           Plaintiff is informed and believes, and thereupon alleges, that Defendant, either
             directly or through one or more agent(s) or sub-agent(s) acting on its behalf and
18           pursuant to its control and direction, retained Bird Dog Media, LLC and/or one or
             more other such agent(s) or sub-agent(s) to acquire, receive, and store lists of
19           telephone numbers to be dialed on Defendant's behalf; that Defendant oversaw,
             directed, encouraged, authorized, and controlled the acquisition of such numbers
20           and the preparation of such lists by Bird Dog Media, LLC and/or one or more other
             agent(s) or sub-agent(s) acting on its behalf and pursuant to its control and
21           direction. . . .

22   (FAC, ¶ 17.)

23   _____

24   [2] Plaintiff, for example, added allegations to FAC intended to buttress his supposition that the text
     message at issue was transmitted using an Automatic Telephone Dialing System ("ATDS"), and
25   allegations about his claimed lack of consent to the text message.  While those allegations are not
     the subject of the present Rule 12 motion, Postmates reserves the right to address them at the
26   appropriate stage should the SAC survive.  Postmates further notes the circuit split created by the
     Ninth Circuit's interpretation of the statutory definition of an ATDS as set forth in *Marks v. Crunch*
27   *San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018), which is the subject of a pending petition for a writ
     of certiorari to the United States Supreme Court in *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th
28   Cir. 2019).  United States Supreme Court Case No. 19-511.

POSTMATES INC.'S MOTION TO DISMISS SAC WITH PREJUDICE

1    Plaintiff further alleged in his FAC that the text message was tied to an online form at

2  http://join.super-samples/com (and included a screenshot of the form), and also alleged the

3  involvement of an identity known as "Drive4Cash." (*Id.*, ¶¶ 18-20.)  Plaintiff did not allege that

4  either join.super-samples.com or Drive4Cash were owned, used, or operated by BirdDog.

5    Postmates moved to dismiss the FAC (ECF No. 26) and Plaintiff opposed (ECF No. 30.)  In

6  his opposition, he specifically averred: "As part of its efforts to recruit additional couriers to provide

7  delivery services for its customers, Defendant retained marketing agents (who in turn retained sub-

8  agents) who, under its control, direction, and encouragement, promoted its service on its behalf,

9  including through automated text messages."  (ECF No. 30 at 3 (citing FAC, ¶¶ 12, 15-18).)

10    On March 3, 2020, the Court granted Postmates' motion to dismiss the FAC.  The Court held

11  that Plaintiff failed to allege any facts in his FAC to support direct liability, as Plaintiff did not

12  plausibly allege that Postmates directly sent or was involved in transmitting the text to Rogers.

13  (Order at 4.)  The Court further held that Plaintiff failed to plead that Postmates could be held

14  vicariously liable for the alleged conduct of the sender of the text.  The Court analyzed in detail each

15  of the three theories of agency—traditional agency, apparent authority, and ratification—and

16  concluded that Plaintiff had no viable claim against Postmates under a theory of vicarious liability.

17  (Order at 5-10.)  The Court granted Plaintiff an opportunity to amend his complaint, setting a deadline

18  of April 2, 2020.

19    ***D.     Plaintiff Files a SAC Contradicting His Prior Allegations, But Still Fails to Plead***

20    ***Vicarious Liability***

21    On April 2, 2020, Plaintiff filed his SAC.  (ECF No. 34.)  Plaintiff now alleges that Postmates

22  "contracted with Bird Dog Media, LLC ('Bird Dog'), one of its marketing agents, to promote its

23  mobile application and driver opportunities to as many individuals as possible."  (SAC, ¶ 11.)

24  Plaintiff then alleges—for the first time—that "Bird Dog Media transmitted the following automated

25  text message on behalf of Defendant."  (*Id.*, ¶ 14. (including a screenshot of the text message

26  identified on page 2, above).)

27

28

1    The SAC, however, lacks *any* factual allegations supporting Plaintiff's new contention that

2  BirdDog itself sent the message.  Rather, Plaintiff simply inserts the name "BirdDog" where he

3  once pleaded actions allegedly committed by "Defendant or by one or more agent(s) or sub-

4  agent(s) on its behalf." (*E.g.*, *id*., ¶¶ 14-15, 20, 40, 42, 44.)  Plaintiff does not name BirdDog as a

5  defendant, nor does he name any alleged sub-agent as a defendant.

6    The effect of these sudden and unexplained changes is that Plaintiff is now affirmatively

7  representing that *BirdDog* sent him the text message, where he previously acknowledged that

8  BirdDog was *not* the sender.  Plaintiff's decision to alter his story in such a dramatic manner

9  following the dismissal Order, and without any factual support or explanation, should be

10 considered when evaluating the plausibility of his claim.  *See McKenna v. WhisperText*, Case No.

11 5:14-cv-00424-PSG, 2015 U.S. Dist. LEXIS 120090, at *7 (N.D. Cal. Sept. 9, 2015) ("[W]hen

12 evaluating an amended complaint, the court may also consider the prior allegations as part of its

13 'context-specific' inquiry based on its judicial experience and common sense to assess whether an

14 amended complaint plausibly suggests an entitlement to relief." (internal quotations and brackets

15 omitted)).  But as discussed below, Plaintiff's eleventh-hour rewriting of his narrative still does not

16 satisfy the agency principles that must be pleaded to state a TCPA claim against Postmates.  The

17 Court should grant this motion and dismiss the action with prejudice.

18 **III.    LEGAL STANDARD ON RULE 12(B)(6)**

19    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

20 as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

21 (2009) (internal quotation marks omitted).  Plausibility requires "more than a sheer possibility that a

22 defendant has acted unlawfully."  *Id*.  "[A] plaintiff's obligation to provide the 'grounds' of his

23 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

24 elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief

25 above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and

26 footnote omitted).  Courts "need not accept as true allegations that contradict matters properly subject

27 to judicial notice or by exhibit or allegations that are merely conclusory, unwarranted deductions of

28 fact, or unreasonable inferences."  *Derby v. AOL, Inc.*, No. 15-CV-00452-RMW, 2015 U.S. Dist.

1    LEXIS 70719, at *2 (N.D. Cal. June 1, 2015) (quotations and citation omitted).  "Where a complaint

2    pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

3    possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (quotations and citation

4    omitted).

5    **IV.      PLAINTIFF CANNOT STATE A TCPA CLAIM AGAINST POSTMATES**

6          As the Court recognized in its Order, vicarious liability may be established under traditional

7    agency principles, the doctrine of apparent authority, or the doctrine of ratification.  (Order at 5-8);

8    *see also Jones*, 887 F.3d at 450.  Plaintiff fails to identify under which, if any, of these three theories

9    of agency Postmates could be held vicariously liable.  What is clear from his SAC, however, is the

10   lack of any *facts* permitting a plausible inference of vicarious liability under any theory.

11         *A.      Plaintiff Does Not Allege Sufficient Facts to Establish an Agency Relationship*

12                  *Between Postmates and BirdDog*

13         As the Court observed in its Order, vicarious liability requires the existence of an agency

14   relationship between the defendant and the third party who committed the allegedly illegal conduct.

15   (*See* Order at 5 (discussing caselaw and the Restatement of Agency).)  In his SAC, instead of alleging

16   the existence of an actual agency relationship, Plaintiff now alleges a contractual relationship

17   between BirdDog and Postmates.

18         But a contractual relationship alone is insufficient to establish traditional agency.  "For an

19   agency to exist, an agent must have authority to act on behalf of the principal and the person

20   represented must have a right to control the actions of the agent."  *Jones*, 887 F.3d at 448.  As the

21   Ninth Circuit reasoned in *Jones*, where a defendant does not have authority or control over the third

22   party placing the calls, and did not exercise sufficient control over the manner and means in which

23   the allegedly wrongful calls were made, the defendant cannot be held vicariously liable under the

24   TCPA on agency principles.  *Id*. at 453 (affirming district court's grant of summary judgment in

25   favor of defendant).

26         The Court explained its Order that, in order to survive dismissal, Plaintiff would need to plead

27   *facts* to support a plausible inference "that Postmates exercised any control over the sender of the

28   text necessary to establish an agency relationship."  (Order at 6 (citing numerous authorities).)

1    Furthermore, "[t]o establish vicarious liability for a TCPA violation, a plaintiff must allege facts to

2    show that the defendant controlled the 'manner and means' *of the call*." *Canary v. Youngevity Int'l,*

3    *Inc.*, Case No. 5:18-cv-03261, 2019 U.S. Dist. LEXIS 46429, at *16 (N.D. Cal. Mar. 20, 2019) (citing

4    *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1085 (C.D. Cal. 2012) (emphasis added)).  Absent

5    facts sufficient to show that Postmates controlled the manner and means by which BirdDog allegedly

6    transmitted the text message, Plaintiff cannot establish agency.   *Jones*, 887 F.3d at 450 ("In

7    determining whether vicarious liability may be imposed, the extent of control exercised by the

8    [principal] is the essential ingredient.") (internal quotations omitted); *Meeks v. Buffalo Wild Wings,*

9    *Inc.*, Case No. 17-cv-07129, 2018 U.S. Dist. LEXIS 52328, at *16 (N.D. Cal. Mar. 28, 2018)

10   ("Agency means more than mere passive permission; it involves request, instruction, or command.").

11          Here, the SAC is devoid of any allegation that Postmates had *any* involvement with the text

12   that Plaintiff now claims was sent by BirdDog, let alone that Postmates exercised controlled over the

13   manner and means by which BirdDog was allegedly texting him.   Plaintiff merely alleges that

14   Postmates entered into a contract with BirdDog "to promote [Postmates'] mobile application and

15   driver opportunities to as many individuals as possible."  (SAC, ¶ 12.)  Plaintiff fails to allege that

16   Postmates controlled or directed the manner and means by which BirdDog then allegedly sent any

17   text message.   Instead, Plaintiff claims only that Postmates benefited from traffic that BirdDog

18   delivered to its website through its marketing campaign (whether the traffic was delivered via text or

19   not).   (*Id*. at ¶ 18 ("[Postmates] specifically oversaw, monitored, tracked, and realized and

20   appreciated the results of the marketing campaigns that it had hired BirdDog to perform on its behalf.

21   . . .").)  Tracking the benefits of a marketing campaign is *not* the same as controlling or directing the

22   manner in which that campaign is conducted, and there are no allegations that Postmates exercised

23   any such oversight of any campaign here.[3]

24   _____

25   [3] Plaintiff alleges that Postmates used an Urchin Tracking Module to track certain information
     regarding the source of the referral.  (SAC, ¶ 18.)  But alleged "tracking" is nothing more than an
26   after-the-fact attribution of a referral source; it does not reflect control over the manner and means
     in which the text message was sent.  Moreover, Plaintiff acknowledges that Postmates hired
27   BirdDog to simply drive traffic in a delivery-agnostic manner.  (*Id*., ¶ 12 (Postmates contracted
     with BirdDog "to promote its mobile application and deliver opportunities to as many individuals
28   as possible.").)  Any referral to Postmates' publicly-available webpage with a "Birddogmedia"

POSTMATES INC.'S MOTION TO DISMISS SAC WITH PREJUDICE

1       Significantly, several courts within this Circuit have repeatedly held that a contractual

2   relationship alone does not establish the agency relationship necessary to plead vicarious liability.  In

3   *Trenz v. Sirius XM Radio, Inc.*, for example, the court held that "[a]n allegation of a beneficial

4   contractual relationship alone is insufficient to establish agency" and granted Toyota's motion to

5   dismiss TCPA claims asserted against it on a theory of vicarious liability.  Case No. 15CV0044, 2015

6   U.S. Dist. LEXIS 180811, at *6 (S.D. Cal. July 13, 2015); *see also Desert Reg'l Med. Ctr., Inc. v.*

7   *Glob. Excel Mgmt.*, Case No. ED CV 16-2181, 2017 U.S. Dist. LEXIS 220006, at *9 (C.D. Cal. July

8   26, 2017) (("Plaintiff's allegation that '[the principal] paid claims under the [] Agreement' is

9   insufficient to support a claim for ostensible agency.").

10      Similarly, the Seventh Circuit recently faced the same argument by a TCPA plaintiff and

11  rejected it on vicarious liability grounds.  *Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357

12  (7th Cir. 2020).  In *Warciak*, the plaintiff alleged that Subway should be held vicariously liable for

13  text messages sent by T-Mobile, which advertised Subway's sandwiches.  *Id.*  As is the case here,

14  the plaintiff argued that that a "commercial contractual relationship between two sophisticated

15  businesses is tantamount to an agency relationship," such that Subway could be held vicariously

16  liable for text messages sent by T-Mobile.  The Seventh Circuit rejected this argument and affirmed

17  dismissal of plaintiff's TCPA claim, reasoning that, "[w]hile an agency relationship can be created

18  by contract, not all contractual relationships form an agency."  *Id.*  Holding otherwise would turn

19  longstanding principles of agency on their head.

20      Plaintiff cannot circumvent the dismissal Order by asserting that BirdDog sent Postmates a

21  text message pursuant to a contractual relationship whereby BirdDog generally agreed to promote

22  Postmates.  Even assuming this most recent allegation were true, Plaintiff still fails to allege that

23  Postmates controlled the manner and means over which BirdDog allegedly sent him the text message

24  in violation of the TCPA.  Plaintiff does not and cannot plead an agency relationship that would

25  support vicarious liability.

26

27

28  UTM-code could have been driven by any means, including hyperlinks contained in emails, online
banner ads, or social media posts.

POSTMATES INC.'S MOTION TO DISMISS SAC WITH PREJUDICE

1
*B.      Plaintiff Does Not Allege Apparent Authority*

2       Plaintiff also does not remotely allege that Postmates could be held vicariously liable under

3   the agency doctrine of apparent authority.   In the Ninth Circuit, apparent authority can only be

4   established "by proof of something said or done by the [alleged principal], on which [the plaintiff]

5   reasonably relied." *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679-680 (9th Cir. 2014) (quoting

6   *NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997)).

7   "Apparent authority exists only as to those to whom the principal has manifested that an agent is

8   authorized." *Canary*, 2019 U.S. Dist. LEXIS 46429, at *22 (N.D. Cal. Mar. 20, 2019) (dismissing

9   complaint where plaintiff failed to allege "he reasonably relied upon something said or done by" the

10   alleged principal to his detriment).

11       Here, the SAC contains no allegation that Plaintiff relied on any affirmative statement or act

12   by Postmates to reasonably believe that BirdDog was acting as Postmates' authorized agent. *Thomas*,

13   582 F. Appx. at 679-80.  This omission defeats any theory of apparent authority.  Plaintiff has not

14   alleged any act or statement from Postmates *to Plaintiff* suggesting that it conferred authority on

15   BirdDog to send him the text—and Plaintiff has not plausibly alleged any such circumstances here.

16   In short, nothing in the SAC cures the issues identified in the Court's Order.

17       *C.      Plaintiff Does Not Allege Ratification*

18       Finally, Plaintiff still does not plead the agency doctrine of ratification.   Ratification occurs

19   only where the principal affirms "a prior act done by another, whereby the act is given effect as if

20   done by an agent acting with actual authority." *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d

21   1010, 1014 (9th Cir. 2018) (granting summary judgment on ratification theory where the facts

22   showed that the only defendant who was in an agency relationship with the sender had no actual

23   knowledge or reasonable notice that the sender was texting in violation of the TCPA).

24       As the Court recognized in its Order, a defendant cannot be held liable for the unauthorized

25   conduct of a third-party telemarketer authorized to market on the defendant's behalf *unless* the

26   defendant knew (or reasonably should have known) that the telemarketer was violating the TCPA on

27   the defendant's behalf and the defendant failed to take effective steps within its power to force the

28   telemarketer to cease the conduct.  (*See* Order at 7-8.)

1  Even accepting his new allegations as true, Plaintiff still fails to allege ratification.  At most,

2  Plaintiff alleges in his SAC that BirdDog sent him a text message further to its contract to promote

3  Postmates.  Plaintiff alleges only that BirdDog was contracted to generally "promote" Postmates.

4  (SAC, ¶ 12.)  Plaintiff appears to address the deficiencies raised by the Court by concluding:

5  "[Postmates] was aware, or should have been aware, that Bird Dog was sending such text messages

6  on its behalf. . . ."  (*Id*. at ¶ 20.)  But even if the Court accepted Plaintiff's supposition that Postmates

7  knew a text message was being sent, that allegation is not enough for ratification.  Ratification

8  requires factual allegations that Postmates knew or had reason to suspect a text message was being

9  sent *in violation of the TCPA*—*e.g*., that "class members' phone numbers were acquired without

10  notice that they would be sent autodialed text messages."  (Order at 8.)

11  Here, Plaintiff does not allege *any* facts that would allow the Court to infer that Postmates

12  knowingly ratified the sending of any autodialed text message without the prior express written

13  consent of the recipient.  Simply put, Plaintiff has not overcome the same fundamental deficiency

14  that the Court identified in its Order:

15  > Additionally, even if the sender was authorized to market on Postmates' behalf,
16  > there are no factual allegations suggesting that Postmates knew or reasonably
   > should have known that the sender of the text or any of its agents or sub-agents
17  > were violating the TCPA on its behalf.

18  (*Id*.)

19  **V.  PLAINTIFF'S FOURTH ATTEMPT TO STATE A CLAIM AGAINST**

20  **POSTMATES SHOULD BE DISMISSED WITH PREJUDICE**

21  Because Plaintiff's SAC still does not plead facts sufficient to hold Postmates liable for a

22  TCPA claim, this motion to dismiss should be granted.  While a party is typically granted leave to

23  amend following a Rule 12(b)(6) dismissal, this Court correctly observed in its Order that it "may

24  exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on

25  part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

26  prejudice to the opposing party . . . , [and] futility of amendment.'"  (Order at 3) (citing *Carvalho v.*

27  *Equifax Info. Servs*., LLC, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (quoting

28  *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

1    Postmates respectfully submits that dismissal with prejudice is warranted in this instance.

2 This is Plaintiff's fourth attempt to sue Postmates.  Plaintiff abandoned his first complaint after the

3 Eleventh Circuit's decision in *Salcedo*.  He abandoned his second complaint when faced with

4 Postmates' original motion to dismiss, and yet his third complaint fared no better; the Court dismissed

5 it in a detailed Order.  And now, even after multiple rounds of briefing and specific guidance from

6 the Court, Plaintiff still has not cured the deficiencies.  The only conclusion is that Plaintiff is

7 incapable of stating a viable claim against Postmates and further amendment would be futile.  *See,*

8 *e.g*., *Hayes v. Facebook*, Case No. 19-cv-02106-TSH, 2019 U.S. Dist. LEXIS 177830, at *21 (N.D.

9 Cal. Aug. 15, 2019) (dismissing lawsuit with prejudice when plaintiff failed to cure pleading

10 deficiencies even after three prior attempts); *Alta Devices, Inc. v. LG Elecs., Inc*., Case No. 18-CV-

11 00404-LHK, 2019 U.S. Dist. LEXIS 72952, at *12 (N.D. Cal. Apr. 30, 2019) (same); *Sepehry-Fard*

12 *v. Dept. Stores Natl. Bank*, 15 F. Supp. 3d 984, 990 (N.D. Cal. 2014) ("Plaintiff has had three

13 opportunities to attempt to allege his TCPA claim against the Attorney Defendants and has failed to

14 do so. The Court, therefore, DISMISSES the TCPA claim WITH PREJUDICE.").

15    Plaintiff's singular focus on maintaining a TCPA lawsuit against Postmates is at his own

16 peril.  His eleventh-hour attempt to rewrite the facts after the dismissal Order in an effort to move

17 Postmates in closer proximity to the alleged sender does not cure the deficiencies in his claim.

18 Plaintiff still fails to allege facts sufficient to show that Postmates controlled the manner and means

19 of how the text message was sent, and still fails to allege any facts sufficient to hold Postmates

20 vicariously liable under the doctrines of apparent authority or ratification.

21    Plaintiff's fourth complaint, which purports to identify but refuses to name as a defendant the

22 actual sender[4] of the message, cements his swing-for-the-fences choice to pursue Postmates without

23 a sufficient factual basis.  Plaintiff's own actions demonstrate the futility of further amendment,

24 justifying dismissal of this action with prejudice.

25 **VI.    CONCLUSION**

26    For all the foregoing reasons, Postmates respectfully requests that this Court dismiss

27 _____

28 [4] This is true whether the "sender" of the text message is the unidentified "agent(s) or sub-agent(s)" of Postmates (as Plaintiff previously represented to the Court), or the new, unsupported identification of BirdDog that Plaintiff alleged in response to the Court's Order.

-11-                                            Case No. 3:19-cv-05619

POSTMATES INC.'S MOTION TO DISMISS SAC WITH PREJUDICE

1  Plaintiff's Second Amended Complaint with prejudice.

2

3                                              Respectfully submitted,

4

5  DATED:  April 23, 2020              **MAC MURRAY & SHUSTER LLP**

6                                       By      */s/ Lisa A. Messner*
                                            _____
7                                            LISA A. MESSNER
                                             CHRISTOPHER C. WAGER
8                                       Attorneys for Defendant POSTMATES INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2      I, Lisa A. Messner, hereby certify that on this 23rd day of April 2020, a true and accurate

3  copy of the foregoing was filed through the ECF system, which will send notification of such filing

4  to the email addresses associated with this case.

5                                  */s/ Lisa A. Messner*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

POSTMATES INC.'S MOTION TO DISMISS SAC WITH PREJUDICE